MONIQUE C. WINKLER (Cal. Bar No. 213031)
 winklerm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
 pendreyj@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
 katzma@sec.gov
RUTH L. HAWLEY (Cal. Bar No. 253112)
 hawleyr@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
 wilke@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500 (Telephone)
(415) 705-2501 (Facsimile)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOR TECHNOLOGIES, INC. and DAVID CHIN,<br><br>Defendants. | Case No. 3:22-cv-09043-CRB<br><br>[~~Proposed~~] Final Judgment Against Defendants Thor Technologies, Inc. and David Chin |

[~~Proposed~~] Final Judgment Against Defendants
CASE NO. 3:22-CV-09043

This matter came before the Court on the motion of Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") for judgment by default as to the Defendants Thor Technologies, Inc. ("Thor") and David Chin ("Chin") (together, "Defendants"). The Court received and considered the SEC's Complaint, Motion for Default Judgment, and all other evidence and argument presented to the Court.

Good cause appearing, the Court grants the Commission's Motion for Default Judgment, and further ORDERS as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(5)], Defendants Thor and Chin are permanently restrained and enjoined from participating, directly or indirectly, in any crypto asset securities offering; provided, however, that such injunction shall not prevent Defendant Chin from purchasing or selling securities, including crypto asset securities, for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: (1) Defendant Chin is liable for a civil monetary penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and (2) Defendant Thor is liable for disgorgement of $744,555, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $158,638.06, and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Chin and Defendant Thor shall satisfy these obligation by paying $150,000 and $1,053,193.06, respectively, to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Thor Technologies, Inc. or David Chin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 28, 2023    

UNITED STATES DISTRICT JUDGE

[Proposed] Final Judgment Against Defendants    3
CASE NO. 3:22-CV-09043